Filed 6/24/22  S.H. v. County of Shasta CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| S.H., | C094476 |
| Plaintiff and Appellant, | (Super. Ct. No. 21LPSQ0003958) |
| v. | |
| COUNTY OF SHASTA, | |
| Defendant and Respondent. | |

Appointed counsel for appellant S.H. filed an opening brief setting forth the facts of the case and requesting this court to exercise its discretion to independently review the record and determine whether there are any arguable issues on appeal.  (*Conservatorship of Ben C*. (2007) 40 Cal.4th 529 (*Ben C.*); *People v. Wende* (1979) 25 Cal.3d 436.)  S.H. was advised by counsel of the right to file a supplemental brief.  S.H. has not filed a supplemental brief.

We will dismiss the appeal.  (*Ben C., supra*, 40 Cal.4th at pp. 544.)

BACKGROUND

S.H. has had numerous psychiatric hospitalizations and had previously been under conservatorship.  The California Highway Patrol concluded she was a danger to herself or

1

others and placed her on a 72-hour hold under the Lanterman-Petris-Short Act (LPS Act). (Welf. & Inst. Code, §§ 5000, 5150.) She was recertified for an additional 14-day hold. (Welf. & Inst. Code, § 5250.) She has refused to take her medications. On July 14, 2021, the County of Shasta sought a declaration from the court regarding S.H.'s capacity to give informed consent to medication. After considering the treating physician's declaration, the trial court found she did not have the capacity to give informed consent to medication and could be required to accept such medication.

## DISCUSSION

In *Ben C*., the California Supreme Court concluded that *Wende* and *Anders*[1] procedures are not mandated in an appeal of a judgment for a conservatorship of the person under the LPS Act. (*Ben C., supra*, 40 Cal.4th at pp. 536-537.) We decline to exercise our discretion to review the record for error.

## DISPOSITION

The appeal is dismissed.


      KRAUSE      , J.


We concur:


      HULL      , Acting P. J.


      MAURO      , J.

---

[1]     *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493].